HAROLD BRANDZEL, Plaintiff-Appellee, *v.* JENNIE KORETZKY, Defendant-Appellant.

First District (1st Division)    No. 78-75

Opinion filed November 27, 1978.

Albert Koretzky, of Chicago, for appellant.

Jacob R. Brandzel and Nancy Weissman, both of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Harold Brandzel, who is over 65, owns an apartment in a four-unit cooperative building. He claimed and was granted a homestead exemption under section 19.23 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 500.23—1), which resulted in a lowering of the building's real estate taxes for the years 1972, 1973 and 1974. He filed a *pro se* complaint against defendant Jennie Koretzky, another over-65 owner of an apartment in the building, to recover $94.01 as his share of the tax savings. Defendant's answer and counterclaim alleged that the building was not a cooperative; that because it was not a cooperative, the statute gave only one over-65 exemption to the building, which should be apportioned among those apartment owners over 65. She also alleged that plaintiff had received $188.02 from the other two owners who were under 65 and counterclaimed for judgment in her favor for one-half of that amount. The trial court entered judgment for plaintiff in the amount of $94.01 and denied defendant's counterclaim. Defendant appeals, arguing that only one over-65 homestead exemption is available because the building is not a cooperative and the benefits of that exemption should be shared by all co-owners over 65.

■■ Defendant's argument is based on her contention that a cooperative building must be in corporate form and that a building whose title, as here, is in a land trust cannot be a cooperative. We disagree. Whether title is in a land trust or held by a corporation is merely a matter of the convenience of the parties; the essence of the cooperative is the agreement among the co-owners. *Brothers v. McMahon* (1953), 351 Ill. App. 321, 328-29, 115 N.E.2d 116.

Gilbert H. Hennessey, Jr., in his article *Co-operative Apartments and Town Houses*, 1956 U. Ill. L. F. 22, describes the corporate or management trust devices which may be utilized in the operation of a cooperative and with reference to small-unit cooperatives, such as here involved, states (pages 30-31):

> "Small unit co-operatives having six or less dwelling units may, of course, be served by the corporate or management trust devices heretofore discussed. Where such a relatively small number of units is involved, however, there is less need for the complexity of these devices. Experience has demonstrated that with the smaller co-operative buildings a simplified trust arrangement is to be preferred. The title-holding entity in such a simplified trust arrangement is the commonly accepted Illinois land trust. Under such a trust in its usual form, title is conveyed to a trustee with full

trust powers, subject to the terms of a trust agreement which leaves to the beneficiaries the entire scope of management and operation. ✻ ✻ ✻

The ordinary land trust agreement provides that the powers of direction shall be in the beneficiaries and that the management function shall belong to them together with all right to possession. The co-operative aspects of the small unit building are, therefore, to be provided in a separate contract or agreement among the co-owners who are the beneficiaries of the land trust. Such an agreement should provide for cross grants among the respective co-owners of the exclusive rights to the use and occupancy of the respective individual dwelling units in the premises and of any spaces directly appurtenant thereto. It should also provide for joint maintenance and for sharing in the work and expense of upkeep of common areas and of the building as a whole; and it should include the requirements for contribution to all expenses including *proportionate shares of* debt service, *taxes*, insurance, utility bills, and the like. Moreover, this agreement should contain whatever provision is desired for the limitation of transfer of interests, and should provide for equitable application ·or division, or both, of any proceeds of insurance resulting from casualty loss. The agreement should be made binding on the parties, their successors, and assigns. It should include appropriate remedies as among the co-owners for default in making any payments due or breach of other covenants. Provision should be made for the release, for the purposes of the remedies in the agreement, of any homestead, dower, or other marital property rights; and the agreement should be executed and acknowledged by the parties and their spouses. It is also desirable, even in the small co-operative units, to put in the agreement provisions enabling the parties from time to time to designate one or more of their number as a managing agent to keep custody of a small maintenance fund for the small common bills and to arrange for the ordinary maintenance work." (Emphasis added.)

See also J. Teitelbaum, *Representing the Purchaser of a Cooperative Apartment*, 45 Ill. B. J. 420, 425 (1957); C. C. McCullough, *Co-operative Apartments in Illinois*, 26 Chi-Kent L. R. 303, 307-08 (1948).

■■ The agreement among the co-owners was introduced into evidence. We have examined it and find that it includes all of the above described requirements for a cooperative. We agree with the trial court's decision that plaintiff and defendant are co-owners of a cooperative.

■■ Defendant's contention that there is but one over-65 exemption for the owners of the building which should be apportioned to all those over

65 must be rejected. The statute (Ill. Rev. Stat. 1977, ch. 120, par. 500.23—1) provides:

> "A homestead exemption limited, except as hereinafter provided with relation to cooperatives, to a $1,500 maximum reduction from the value, as equalized or assessed by the Department of Local Government Affairs, of real property that is occupied as a residence by a person 65 years of age or older who is liable for paying real estate taxes on the property and is an owner of record of the property or has a legal or equitable interest therein as evidenced by a written instrument, * * *. In the case of land improved with an apartment building owned and operated as a cooperative, the maximum reduction from the value of such real property, as equalized by the Department of Local Government Affairs, shall be limited to $1,500 multiplied by the number of apartments occupied by a person or persons 65 years of age or older who is liable, by contract with the owner or owners of record, for paying real estate taxes on the property and is an owner of record of a legal or equitable interest in the cooperative apartment building, other than a leasehold interest."

Under this section the defendant, as a co-owner in a cooperative, is entitled to an additional exemption.

■ The correctness of judgment in plaintiff's favor depends on the terms of the co-owners' agreement. The agreement provides that each co-owner's "proportionate share of general expenses is 25%," that the "above stated proportionate share of general expenses apply to taxes" and that "each party shall bear his proportionate share of taxes * * * levied, assessed, or imposed against the real estate and building[s] * * *." Under these provisions, the judgment for plaintiff is incorrect because it causes the taxes not to be shared proportionately by the co-owners. A reduction in the taxes on account of plaintiff's exemption cannot change the 25% proportion each owes for taxes, whether they are over or under age 65. The judgment for plaintiff is reversed.

■ For the same reason, the judgment against the defendant on her counterclaim is affirmed, because a judgment for her would change the proportional share of the taxes paid by each co-owner. The fact that the two other co-owners, who were under 65, agreed to pay plaintiff for his exemption does not entitle defendant to recover from him.

The judgment for plaintiff against defendant is reversed, and the judgment for plaintiff against defendant on defendant's counterclaim is affirmed.

Affirmed in part and reversed in part.

McGLOON and BUCKLEY, JJ., concur.