SIXTH DIVISION
 March 14, 1997

No. 1-95-3568

In re MARRIAGE OF: )
 )
MICHELLE DEL GIUDICE, )
 )
 Petitioner, )
 )
 and )
 ) Appeal from
GERARD DEL GIUDICE, ) the Circuit Court
 ) of Cook County.
 Respondent. )
 )
 )
GERARD R. DEL GIUDICE, JR., and )
RITA DEL GIUDICE, )
 ) No. 89-D-13805
 Third-Party Defendants-Appellees, )
 )
 and )
 )
TERRY CULLERTON, a/k/a TERRY CULLERTON )
BROWN, BRIAN M. KIMBALL, and FRANKIE ) Honorable
SPORTS, LTD., ) Ronald W. Olson,
 ) Judge Presiding.
 Third-Party Defendants, )
 )
 v. )
 )
JOHN C. SANTEE and ILENE M. WOLF, )
 )
 Judgment Creditors-Appellants. )

 JUSTICE THEIS delivered the opinion of the court:

 In this appeal we are asked to decide whether the retitling of
marital property from joint tenancy to tenancy in the entirety can be
a fraudulent transfer under the Uniform Fraudulent Transfer Act. 740
ILCS 160/1 et seq. (West 1994). We find that it can and remand for
further proceedings.
 This action arises out of a dissolution of marriage proceeding. 
In the post-judgment decree, third-party defendant, Gerard R. Del
Giudice, guaranteed the payment of attorney fees arising from his
son's divorce action. On November 23, 1994, the court entered
judgment against Del Giudice in the amount of $40,000. On December
21, 1994, a direction to levy was filed against Del Giudice's marital
home, which Del Giudice and his wife held as joint tenants. 
 On February 15, 1995, the judgment creditors sent a notice of
sheriff's sale set for April 18, 1995, to Del Giudice. However, on
February 28, 1995, Del Giudice and his wife executed a warranty deed
retitling their home from joint tenancy to tenancy by the entirety. 
The deed was recorded on March 8, 1995. Although Del Giudice's
attorney had several conversations with the creditors between January
and April of 1995, the creditors were not made aware of the retitling
until Del Giudice filed an emergency petition to restrain the levy
sale of his home. Del Giudice's emergency petition was based upon the
statutory exemption from sale to satisfy a judgment entered against
only one of the tenants of real estate held in tenancy by the
entirety. 
 The creditors filed a motion to strike Del Giudice's petition. 
The trial court relied on E.J. McKernan Co. v. Gregory, 268 Ill. App.
3d 383, 643 N.E.2d 1370 (1994), and denied the creditors' motion. The
trial court granted the emergency petition, issuing a permanent
injunction restraining the levy sale of Del Giudice's home. The
creditors filed a timely notice of appeal and we reverse.
 On appeal, the creditors argue that: (1) retitling the home
constituted a fraudulent transfer under the Illinois Uniform
Fraudulent Transfer Act (Transfer Act) (740 ILCS 160/1 et seq. (West
1994)); (2) the trial court erred in failing to consider whether Del
Giudice should have been equitably estopped from obtaining injunctive
relief enjoining the sheriff's sale; and (3) the trial court erred in
failing to consider whether the third-party defendants should have
been barred form obtaining injunctive relief on the basis of the
equitable doctrine of laches and unclean hands. Because we find that
Del Giudice's transfer could have violated the Transfer Act, we need
not address the creditors' other arguments.
 The trial court initially found that the Del Giudices' home was
protected under section 12-112 of the Illinois Code of Civil
Procedure, which provides that:
 "Any real property held in tenancy by the entirety
 shall not be liable to be sold upon judgment
 entered on or after October 1, 1990 against only
 one of the tenants." 735 ILCS 5/12-112 (West
 1994). 
Unlike joint tenancy, tenancy by the entirety is available only to
married couples and their homestead property. The tenancy by the
entirety statute provides:
 "Whenever a devise, conveyance, assignment, or
 other transfer of homestead property maintained ***
 as a homestead by both husband and wife together
 during coverture shall be made and the instrument
 *** expressly declares that the devise or
 conveyance is made to persons *** not as joint
 tenants or tenants in common but as tenants by the
 entirety, the estate created shall be deemed to be
 in tenancy by the entirety." 765 ILCS 1005/1c
 (West 1994). 
 The creditors argued that the Transfer Act may be applied to Del
Giudice's retitling of his marital home. See 740 ILCS 160/1 et seq.
(West 1994). Section 5(a)(1) of the Transfer Act provides that:
 "(a) A transfer made or obligation incurred
 by a debtor is fraudulent as to a creditor, whether
 the creditor's claim arose before or after the
 transfer was made or the obligation was incurred,
 if the debtor made the transfer or incurred the
 obligation:
 (1) with actual intent to hinder, delay, or
 defraud any creditor ***." 740 ILCS 160/5(a)(1)
 (West 1994). 
Section 5(b) of the Transfer Act lists 11 criteria for determining
actual intent. 
 The trial court refused to apply the Transfer Act. The trial
court relied upon the reasoning of the court in E.J. McKernan Co. v.
Gregory, 268 Ill. App. 3d 383, 643 N.E.2d 1370 (1994), which stated
that "intent is irrelevant in a tenancy by the entirety conveyance
because it simply cannot be fraudulent to engage in conduct that is
specifically and unambiguously sanctioned by statute." E.J. McKernan,
268 Ill. App. 3d at 390, 643 N.E.2d at 1374-75.
 We respectfully disagree with the McKernan court. We find the
purpose of the Uniform Fraudulent Transfer Act is to invalidate
otherwise sanctioned transactions made with a fraudulent intent. 
Courts have found that other transactions, which were otherwise
lawful, violated the Transfer Act. Kennedy v. Four Boys Labor
Services, Inc., 279 Ill. App. 3d 361, 664 N.E.2d 1088 (1996). For
example, in Johnson v. Marshall & Huschart Machinery Co., 66 Ill. App.
3d 766, 384 N.E.2d 141 (1978), this court found that transfers made
for the purpose of shielding assets from creditors which are
sanctioned by statute, such as the transfer of an individual's assets
to a limited liability corporation, can constitute a fraudulent
conveyance if the property is transferred after a judgment is rendered
against the individual. Johnson, 66 Ill. App. 3d 766, 384 N.E.2d 141. 
See also Steel Co. v. Morgan Marshall Industries, Inc., 278 Ill. App.
3d 241, 662 N.E.2d 595 (1996). 
 Similarly, we find that even though the tenancy by the entirety
statute permits married couples to convey marital property to that
estate, such transfers may still be fraudulent. We acknowledge that
the legislature found it appropriate to enable married couples to
shield their marital home from the creditors of one spouse. However,
there is no indication from either the plain language of the statute
nor the legislative history that the legislature intended to include
fraudulent conduct within the scope of the afforded protections. 765
ILCS 1005/1c (West 1994).
 Alternatively, Del Giudice argues that the retitling of the
property cannot constitute a transfer under the Transfer Act. Del
Giudice claims that he and his wife were merely rearranging the
ownership of the property as authorized under the tenancy by the
entirety statute. The Transfer Act defines a transfer as "every mode,
direct or indirect, absolute or conditional, voluntary or involuntary,
of disposing of or parting with an asset or an interest in an asset,
and includes payment of money, release, lease, and creation of a lien
or other encumbrance." 740 ILCS 160/2(l) (West 1994). We find that
the Del Giudices' retitling of their property satisfies this
definition.
 Historically, husbands and wives were required to convey their
joint tenancy interests to a strawman, who would then convey the
property back to the husband and wife as tenants by the entirety. 
Cunningham, Stoebuck & Whitman, The Law of Property 5.5, at 212-13
(1984). While the current tenancy by the entirety statute no longer
requires the use of a strawman, we find that the statute's
simplification of this process did not change the nature of the
transaction. See 765 ILCS 1005/1c (West 1994). Rather, retitling
property from joint tenancy to tenancy of the entirety is still a
conveyance and therefore satisfies the requirements of the Transfer
Act. See Cunningham, Stoebuck & Whitman, The Law of Property 5.5, at
212-13 (1984).
 We find that the trial court erred in holding that Del Giudice's
retitling of the property could not be fraudulent under the Transfer
Act. Therefore, we remand for further proceedings consistent with
this opinion.
 Reversed and remanded.
 O'BRIEN, J., concurs.
 CAHILL, J., dissents.
 JUSTICE CAHILL, dissenting:
 I respectfully dissent. The reasoning in McKernan v. Gregory,
rejected by the majority, is grounded in the only public policy that
could have inspired the legislature to enact Pub. Act 86-966: to
shield a primary residence from the creditors of one spouse. We need
not appeal to Dickensian tales of small children hurled into the
winter night by the rapacious creditors of one profligate parent to
lend weight to legislative intent. It is enough that the legislature
thought it was good idea. I would follow McKernan and affirm the
trial court.