In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-3565

JEROME A. MAHER,

*Plaintiff-Appellee*,

*v.*

HARRIS TRUST AND SAVINGS BANK,
HORIZON SAVINGS BANK AND
RESOLUTION TRUST CORPORATION,

*Defendants.*

APPEAL OF

CADLE COMPANY,

*Judgment Creditor/Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 90 C 5118—**James B. Zagel**, *Judge.*

_____

ARGUED JUNE 8, 2007—DECIDED OCTOBER 25, 2007

_____

Before POSNER, FLAUM, and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* Jerome Maher ("Maher") and his
wife, Mary, own shares in a cooperative apartment as
tenants by the entirety. A judgment was entered against
Maher individually, and Cadle Company ("Cadle") as
owner of the judgment filed suit to collect on that judg-

ment. Cadle filed a motion for turnover of Maher's stock in the cooperative. The district court granted Cadle's motion, and Maher filed a motion for reconsideration which the district court granted. Cadle appeals, and we affirm.

## I.

Maher and his wife own 320 shares of stock in the 1630 N. Sheridan Road Corporation ("Corporation"), which owns land located at 1630 N. Sheridan Road, Wilmette, Illinois. These shares are registered in the names of both Jerome and Mary Maher as a tenancy by the entirety. Along with their co-op shares, the Mahers own the right to occupy unit #3A of the building located on the land during their lifetime under the terms of a proprietary lease with the Corporation. The Mahers exercise this right and occupy unit #3A as their residence claiming it as their homestead.

In 1993, the district court entered judgment in favor of Resolution Trust Corporation against Maher in the sum of $42,000.00; Maher's wife has no obligation under this debt. Cadle later purchased the judgment for consideration. In January 2006, Cadle filed suit to collect the judgment against Maher. After an examination of Maher's assets, Cadle filed a motion for Maher to turn over his shares of stock in the Corporation to satisfy the judgment. The district court granted Cadle's motion.

Maher filed a motion for reconsideration, arguing that because he and his wife owned the stock as tenants by the entirety subject to the Corporation's terms and conditions, the stock represented an interest in their homestead under Illinois law. Maher further noted that his wife was not subject to the judgment. In response,

Cadle asserted that Maher's stock is personal property and therefore not protected by a tenancy by the entirety and not homestead property. Maher argued in reply that the stock represents an interest in real property which constitutes his homestead and is exempt from turnover. The district court granted Maher's motion, concluding that Maher's stock in the cooperative represented an interest in a homestead property which may be held in tenancy by the entirety, thereby precluding it from transfer to satisfy personal debt of only one of the spouses. Cadle appeals.

## II.

On appeal, Cadle challenges the turnover order. "The district court's turnover order is a final judgment, which we review de novo." *Society of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1134 (7th Cir. 2001) (citation omitted).

Because the parties' substantive rights are based on Illinois property law, we apply the law as the Supreme Court of Illinois has applied it. When the Supreme Court of Illinois has not ruled on the issue before us, we look to the decisions of the state appellate courts "unless there are persuasive indications that the state supreme court would decide the issue differently." *Much v. Pac. Mut. Life Ins. Co.*, 266 F.3d 637, 643 (7th Cir. 2001) (citations omitted). Under Illinois law, statutes are to be interpreted according to their plain language affording them their plain and ordinary meaning. *Moore v. Greene*, 848 N.E.2d 1015, 1020-21 (Ill. 2006) (citations omitted). Statutes dealing with the same subject under the doctrine of *pari materia* are to be interpreted "with reference to one another to give them harmonious effect." *People v. McCarty*, 858

N.E.2d 15, 31 (Ill. 2006). This principle comports with the "fundamental rule of statutory interpretation that all the provisions of a statute must be viewed as a whole." *Id.* (citations omitted).

In arguing for reversal, Cadle asserts that it has the right to obtain Maher's shares in the cooperative apartment to satisfy the judgment. Specifically, Cadle contends that stock in the cooperative apartment is personal property and that only real property or a land trust may be held in tenancy by the entirety. At oral argument, Cadle conceded that Maher's stock ownership in the cooperative is entitled to a homestead exemption from judgment, but only up to $15,000. This concession comports with Illinois law. *See* 735 ILCS 5/12-901 ("Every individual is entitled to an estate of homestead to the extent in value of $15,000 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possessed by lease or otherwise occupied by him or her as a residence, or in *a cooperative that owns property that the individual uses as a residence. . . .* [Homestead property] is exempt from attachment, judgment, levy, or judgment for sale for payment of his or her debts or other purposes . . . .") (emphasis added).

Cadle claims, though, that Maher's homestead exemption in the Corporation stock is limited to $15,000 under 735 ILCS 5/12-901 because the stock is personal property that cannot be held as a tenancy by the entirety. We disagree. The Illinois Tenancy Act provides in relevant part:

> Whenever a devise, conveyance, assignment, or other transfer of *property*, including a beneficial interest in a land trust, maintained or *intended for maintenance as a homestead by both husband and wife* together during

coverture shall be made and the instrument of devise, conveyance, assignment, or transfer expressly declares that the devise or conveyance is made to tenants by the entirety, or if the beneficial interest in a land trust is to be held as tenants by the entirety, *the estate created shall be deemed to be in tenancy by the entirety.*

765 ILCS 1005/1c (emphasis added). The Illinois Tenancy Act specifically provides that property maintained as a homestead may be held as a tenancy by the entirety, and it does not differentiate between real or personal property.[1]

The Illinois courts have not addressed the issue presently before us about whether shares in a cooperative apartment may be held as a tenancy by the entirety. However, we conclude that in reviewing the Illinois homestead and tenancy statutes the state courts would similarly conclude that because Maher's interest in the cooperative qualifies as a homestead and that interest is "maintained . . . as a homestead by both husband and wife . . . the estate created shall be deemed to be in tenancy by the entirety." 765 ILCS 1005/1c.

Our analysis does not end here, however, but continues pursuant to Federal Rule of Civil Procedure 69(a), "which governs the collection proceedings in the federal courts,

---

[1] We note that the statute specifically includes land trusts which Illinois courts have recognized as being similar to cooperative apartments. *See Brandzel v. Koretsky*, 384 N.E.2d 128, 130 (Ill. App. Ct. 1978) (noting that "[w]hether title is in a land trust or held by a corporation is merely a matter of the convenience of the parties; the essence of the cooperative is the agreement among the co-owners.").

[and] adopts whatever procedures are followed by the state courts in which the collection is sought, here [Illinois], unless there is an applicable federal statute expressly regulating the execution of judgments." *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (citation omitted). There is no applicable federal statute regulating the execution of the judgment against Maher as it relates to his interest in the Corporation, so we look to 735 ILCS 5/12-112, "What [is] liable to enforcement," which provides that,

> [a]ny real property, or beneficial interest in a land trust, held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants, except if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due.

As we stated above, Maher's interest in the Corporation is held in tenancy by the entirety, and there are no allegations that Maher fraudulently transferred his stock to a tenancy by the entirety to avoid payment of his judgment.

Cadle relies upon New York law for its assertion that ownership in a cooperative is not real property and is always treated as personal property. Even in New York, though, courts note,

> The ownership interest of a tenant-shareholder in a co-operative apartment is sui generis. It reflects only an ownership of a proprietary lease, and therefore arguably an interest in a chattel real, conditional however upon his shareholder interest in the co-operative corporation, an interest always treated as personal property. *The leasehold and the shareholding are*

*inseparable.* For some special purposes, the real property aspect may predominate.

*State Tax. Comm'n v. Shor*, 371 N.E.2d 523, 524 (N.Y. 1977) (citations omitted, emphasis added). Even under New York law it appears that the case before us involves such a purpose.

"A 'cooperative apartment house,' frequently referred to in this connection simply as a 'cooperative,' is a multiunit dwelling in which each resident has (1) an interest in the entity owning the building, and (2) a lease entitling the resident to occupy a particular apartment within the building." 15A Am. Jur. 2d Condominiums and Cooperative Apartments § 62 (2007). In other words, "[s]hares of stock [ ] are sold to persons who will occupy the housing units, the number of shares [ ] depending on the value of the particular apartment or unit. 'Proprietary' leases are issued by the corporation to the shareholders." *Sinnissippi Apartments, Inc. v. Hubbard*, 448 N.E.2d 607, 610 (Ill. App. Ct. 1983) (citation omitted). Because an individual's stock ownership and proprietary lease are intertwined, Illinois courts have acknowledged the unique, hybrid nature of cooperative apartments. *See, e.g., Harper Square Hous. Corp. v. Hayes*, 713 N.E.2d 666, 669-70 (Ill. App. Ct. 1999); *Quality Mgmt. Servs. v. Banker*, 685 N.E.2d 367, 369 (Ill. App. Ct. 1997). They have recognized that "[t]he primary interest of every stockholder in such a corporation is the long term propriety lease and the stock is incidental to such purpose and merely affords the practical means of combining an ownership interest with the method of sharing proportionately the assessments for maintenance and taxes." *Sinnissippi Apartments, Inc.*, 448 N.E.2d at 611 (citation omitted). Further, the Illinois homestead statute lists an individual's interest in a cooper-

ative, separate and distinct from personal property, which also may qualify as a homestead, belying Cadle's assertion that an interest in a cooperative is always treated as personal property. Other evidence that a cooperative member's interest in the cooperative has aspects of an interest in real estate is illustrated by the Illinois Property Tax Code. 35 Illinois Compiled Statute 200/15-175 and 35 Illinois Compiled Statute 200/15-170 direct cooperatives to credit to the qualifying cooperative members the appropriate pro-rated amount of the homestead and senior citizen homestead real estate property tax exemptions the cooperative receives. Also, while the Illinois Code of Civil Procedure does not define "real property," other sections of the Illinois statutory code include such interests as lifetime proprietary leases in their definitions of real property. *See* 315 ILCS 25/3 & 315 ILCS 20/3-8 (defining real property to include "lands, lands under water, structures and . . any rights, legal or equitable, including *terms for years . . . .*" (emphasis added)). Finally, the purposes of homestead and tenancy by the entirety are similar in that they protect an individual's interest in his home beyond the reach of creditors: to a limited extent in the case of homestead (up to $15,000) and completely with a tenancy by the entirety, "the primary purpose of [which] is to protect the ability of a married couple to retain occupancy of the marital homestead against the creditors of only one spouse while the marriage is intact . . . ." *In re Tolson*, 338 B.R. 359, 368 (C.D. Ill. 2005). *See People v. One Residence Located at 1403 East Parham Street*, 621 N.E.2d 1026, 1031 (Ill. App. Ct. 1993) ("[T]he purpose of the homestead exemption is to secure to the homesteader a shelter beyond the reach of his improvidence.") (citing *Holterman v. Poynter* (1935), 198 N.E. 723, 725 (Ill. 1935)). In light of the nature and characteristics of ownership in a cooperative

apartment, including the proprietary lease, the fact that such ownership may be held in tenancy by the entirety under the Illinois Tenancy Act, and the purposes of the Illinois homestead and tenancy by the entirety exclusion from judgment statutes, we conclude that the Mahers' ownership interest in the Corporation constitutes real property for the purposes of 735 ILCS 5/12-112 and is therefore excluded from satisfaction of Jerome Maher's judgment.

### III.

Because Maher owns his shares in the Corporation with his wife in tenancy by the entirety, turnover of that stock to Cadle to satisfy Maher's judgment is impermissible under Illinois law. Accordingly, we AFFIRM the district court's denial of Cadle's motion for turnover of Maher's stock.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*