In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1377

STAR INSURANCE COMPANY, a Michigan Corporation,
WILLIAMSBURG NATIONAL INSURANCE COMPANY,
a California Corporation and AMERICAN INDEMNITY
INSURANCE COMPANY, LIMITED, a Bermuda Corporation,

*Plaintiffs-Appellees*,

*v.*

RISK MARKETING GROUP INCORPORATED,
an Illinois Corporation and CEBCOR SERVICE
CORPORATION, an Illinois Corporation,

*Defendants-Appellants.*

APPEAL OF:

    CHARLES E. STEVENSON, DON A. MOORE,
    ENCOMPASS FINANCIAL SOLUTIONS, LLC, et al.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:06-cv-01364—**Elaine E. Bucklo**, *Judge.*

ARGUED DECEMBER 1, 2008—DECIDED MARCH 31, 2009

Before BAUER, ROVNER, and EVANS, *Circuit Judges*.

BAUER, *Circuit Judge*. The United States District Court for the Eastern District of Michigan, Southern Division, entered judgment in the amount of $2,436,290, plus interest, in favor of Star Insurance Company, Williamsburg National Insurance Company, and American Indemnity Insurance Company, Ltd. (collectively, "Plaintiffs") and against Risk Marketing Group, Inc. and Cebcor Service Corp. (collectively, "Defendants"). Plaintiffs registered this judgment, pursuant to 28 U.S.C. § 1963, in the District Court for the Northern District of Illinois and instituted supplementary proceedings to enforce the judgment, pursuant to Federal Rule of Civil Procedure 69 and 735 ILL. COMP. STAT. 5/2-1402 (2007).

In a separate suit, the plaintiffs sued to pierce the corporate veil of the defendant corporations in the same court. Charles E. Stevenson, Don A. Moore, Employ America, LLC, and Encompass Financial Solutions, LLC were also named as defendants in the second suit, based on their respective insider relationships with the corporate defendants and for their failure to observe corporate formalities.

In the collection suit, the plaintiffs filed four motions: (1) to set aside fraudulent transfers; (2) for a preliminary injunction to prevent the disposition of assets; (3) for the appointment of a receiver; and (4) to dissolve the corporate defendants. Defendants failed to respond to these motions even after receiving two extensions of time. Defendants instead filed a motion to consolidate the collection case with the piercing case or, alternatively, to

transfer the collection case to the district court judge presiding over the piercing case.

On August 31, 2007, the district court denied the motion to consolidate; it also found that: (1) Defendants fraudulently transferred certain assets to Charles E. Stevenson, Don A. Moore, Employ America, LLC, and Encompass Financial Solutions, LLC; (2) the transferees were in possession of the defendants' property; and (3) ordered the transferees to return the assets within 21 days. The district court also enjoined further disposition of the transferred assets.

On September 21, 2007, the defendants filed a motion requesting the court to reconsider the finding that the transfers were fraudulent. The district court denied the motion on October 1, 2007; it found that the defendants, despite extensions, had not responded to the plaintiffs' motion to set aside the fraudulent transfers and that the motion for consolidation was not an adequate response.

Plaintiffs filed renewed motions for judicial dissolution and for the appointment of a receiver. The district court granted this motion on October 19, 2007; it held that the judgment in the amount of $2,436,290 remained unsatisfied, and that the defendants were (and had admitted to being) insolvent.

The defendants appealed the orders of October 1, 2007 and October 19, 2007. This court questioned whether final and appealable judgments had been entered by the district court and ordered the defendants to show cause why the appeal should not be dismissed for want of jurisdiction or to voluntarily dismiss the appeal. Defen-

dants then voluntarily dismissed the appeals pursuant to Federal Rule of Appellate Procedure 42(b).

Plaintiffs then moved for the entry of the judgment of $2,436,290 plus interest against the transferees for their failure to return the fraudulently transferred assets as ordered by the district court on August 31, 2007. On January 23, 2008, the district court granted this motion and denied the transferees' motion to reconsider on February 6, 2008.

On February 15, 2008, the various defendants and the transferees appealed the district court's orders of: (1) August 31, 2007; (2) October 1, 2007; (3) October 19, 2007; and (4) January 23, 2008.

## DISCUSSION

The defendants and the transferees argue that the district court erred in denying the motion to consolidate since the collection case and the piercing case involved the same judgment and almost identical parties. They also argue that the district court erred in entering judgment against the transferees. Before we address the merits, a threshold question arises over the scope of our appellate jurisdiction and which of the appealed orders are reviewable.

### A. Appellate Jurisdiction

For purposes of appellate jurisdiction, our review of whether there has been a final order is de novo. *Trustees of*

*Pension, Welfare & Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Electric,* 223 F.3d 459, 463 (7th Cir. 2000). This court has jurisdiction over "appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. Generally, the question of whether a decision is final for purposes of § 1291 depends on whether the district court's decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988). Conversely, orders that "specifically contemplate further activity in the district court are generally not final." *Pyramid Electric*, 223 F.3d at 463 (internal citations omitted). However, "if an order contemplates only ministerial actions by the court, finality may exist." *Id*.

This final-decision rule postpones the appeal until the final judgment, but in the context of the appeal before us, we are reviewing orders after the entry of a final judgment. Because the judgment against the defendants was not executed—namely, their assets were neither seized nor sold to pay the judgment—the district court issued a series of orders in a post-judgment proceeding to complete the execution of the judgment. Supplementary proceedings to enforce a judgment are treated, for the purposes of appeal, as separate, free-standing lawsuits. *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1224-25 (7th Cir. 1993) (citing cases). We treat orders in those proceedings as appealable, to the same extent as in a regular lawsuit. *Id*.

Leading off with the January 23, 2008 order, where the district court entered judgment against the transferees, no one disagrees that we have appellate jurisdiction to review that order since the notice of appeal was filed on February 15, 2008, *see* Fed. R. App. P. 4(a), and plaintiffs argue that the orders dated August 31, 2007 and October 1, 2007 were final and immediately appealable when entered, but because the defendants filed their notice of appeal in February 2008, the appeals are untimely and cannot be considered by this court.[1]

As to the August 31, 2007 order, the plaintiffs are correct that certain aspects of this order were immediately appealable and the appeal untimely. There are several aspects to this order: (1) the grant of Plaintiff's preliminary injunction against the defendants; (2) the set aside of fraudulent transfers and the order to the transferees to turn over those transfers; (3) the denial of Plaintiffs' motions for appointment of a receiver and a judicial dissolution of the defendants; and (4) the denial of the defendants' motion to consolidate the collection case with the piercing case.

The plaintiffs argue that the entire August 31, 2007 order was immediately reviewable because the preliminary injunction contained therein was immediately reviewable, 28 U.S.C. § 1292(a)(1), and also because the turn-over

---

[1] Although the February 15, 2008 notice of appeal indicates the appeal of the appointment of a receiver and judicial dissolution (October 19, 2007 order), it is not relevant and we need not consider it.

order was immediately reviewable. *Laborers' Pension Fund v. Dirty Work Unlimited, Inc.,* 919 F.2d 491, 493-94 (7th Cir. 1990). But labeling the entire order as immediately appealable ignores the discretionary, non-appealable interlocutory order lying within. Here, there are separate orders, derived from separate motions by the parties, contained in one document. But for jurisdictional purposes, what is really at issue is the discretionary denial of the motion to consolidate, an interlocutory order unappealable until final judgment.

The fact that some aspects of the August 31, 2007 order were immediately appealable does not alter the interlocutory nature of the district court's decision to deny consolidation. *See Helene Curtis Indus., Inc. v. Church & Dwight Co., Inc.,* 560 F.2d 1325 (7th Cir. 1977) (although a preliminary injunction was immediately appealable, an incidental discretionary order was unreviewable as not final for purposes of appellate jurisdiction). After the final order dated January 23, 2008, the defendants timely appealed.

Accordingly, we now have jurisdiction to review the district court's denial of consolidation.

### B.  Consolidation

The defendants argue that the district court in the collection case erred when it denied the motion to consolidate the case with the piercing case or, alternatively, transfer the collection case to the judge presiding over the piercing case, since there were abundant similarities

between the actions. We review a district court's decision granting or denying a motion to consolidate only for an abuse of discretion. *King v. General Elec. Co.,* 960 F.2d 617, 626 (7th Cir. 1992).

A district court may consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). Local Rule 40.4(b) also allows for related cases to be consolidated before the judge assigned to hear the earlier-filed case, which here, would be the collection case. N.D. Ill. Local R. 40.4.

Citing these rules, the defendants argue that the district court abused its discretion because of the overwhelming presence of common questions of law and fact between the two cases. Defendants point out that: (1) the transferees are involved in both cases; (2) the plaintiffs are precisely the same; (3) both cases seek to recover $2,436,290; and (4) the piercing case's amended complaint contained the same allegations as set out in the plaintiffs' motion to set aside transfers in the collection case. Defendants argue that these similarities, coupled with the policy behind Rule 42 of promoting consistency and judicial efficiency, should require consolidation.

The fact that there are similarities between the collection case and the piercing case does not render the district court's denial of consolidation an abuse of discretion. Defendants' motion during the collection case was a supplementary proceeding and because "Rule 69 conforms collection proceedings to state law," we have previously held that Illinois courts likely would not

"permit veil-piercing in supplementary proceedings under § 5/2-1402." *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996) (citing *Pyshos v. Heart-Land Dev. Co.*, 630 N.E.2d 1054, 1057-58 (Ill. App. Ct. 1994)); *see also Lange v. Misch*, 598 N.E.2d 412, 415 (Ill. App. Ct. 1992) (piercing the corporate veil in a supplementary proceeding is improper).

In *Pyshos*, 630 N.E2d at 1058, the court stated that "[q]uite simply, what must be alleged to pierce the corporate veil does not fall within the scope of what may be heard in a supplementary proceeding." The only relevant inquiries in supplementary proceedings are: (1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment; or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment. *Id.* at 1057. In contrast, "an action to pierce the corporate veil does not require any allegations that assets of the judgment debtor corporation are in the hands of third-party shareholders or directors." *Id.* at 1057-58. What is required is that "(1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances must be such that an adherence to the fiction of a separate corporate existence would promote injustice or inequitable consequences." *Id.* at 1058 (citing *McCracken v. Olson Companies, Inc.*, 500 N.E.2d 487, 491 (Ill. App. Ct. 1986)).

In essence, the two proceedings seek different things and seeking to consolidate them into one proceeding is

improper. Here, we also have an attempt to consolidate a supplementary proceeding with an action to pierce the corporate veil. Although there are similarities between the actions, as in *Pyshos*, the respective inquires are different. The district court did not abuse its discretion in denying the defendants' motion to consolidate the collection case with the piercing case.

### C.   Third Party Liability

Lastly, the district court entered the underlying judgment against the transferees, pursuant to Illinois law, for failing to return the identified fraudulent transfers to the corporate defendants, as directed by the district court on August 31, 2007. Defendants argue that it was improper for the district court to impose the judgment on the non-party transferees because to pass judgment in the collection case would require that the district court pierce the corporate veil, which it has consistently held that it cannot do in a supplementary proceeding.

To answer this question, we must first determine whether the district court's use of state law, rather than federal law, in a supplementary proceeding was appropriate.

We have previously discussed Rule 69 in determining whether, absent a federal statute, the Rule requires a federal court to borrow the entire procedural law of the state or the entire procedural law of the federal system. *Ruggiero*, 994 F.2d at 1226. In *Ruggiero*, we stated that because "[p]roceedings to enforce judgment are meant

to be swift, cheap, informal . . . [w]e do not think the draftsmen of Rule 69 meant to put the judge into a procedural straightjacket whether of state or federal origin." *Id.* There, we particularly noted that the Federal Rules of Civil Procedure are not strictly applicable to supplementary proceedings. *Id*. at 1227.

With this in mind, we re-mention that "Rule 69 conforms collection proceedings to state law." *Matos,* 101 F.3d at 1195. The Rule "governs collection proceedings in the federal courts and adopts whatever procedures are followed by the state courts in which the collection is sought, . . . unless there is an applicable federal statute expressly regulating the execution of judgments." *Maher v. Harris Trust & Sav. Bank*, 506 F.3d 560, 563 (7th Cir. 2007); Fed. R. Civ. P. 69(a). And because there appears to be no federal statute on this issue, the district court was correct in turning to state law in the post-judgment proceeding.

*Dirty Work,* 919 F.2d at 493, was a case where, seeking recovery of a judgment, a district court ordered a non-party to turn over money due to the judgment debtor defendant, in an effort to effect a satisfaction of the original judgment. When the non-party failed to comply with the order, the district court found the non-party in contempt using state law. *Id*. On appeal, we held that the district court did not abuse its discretion as Rule 69 instructed the court to utilize the practice and procedure of the state in which the district court is located for guidance in the enforcement of a money judgment, in the absence of a contrary federal statute. *Id*. at 494. So

applying Illinois law in the enforcement of the money judgment was proper. *See The Soc'y of Lloyd's v. Ashenden*, 233 F.3d 473, 475 (7th Cir. 2000) (although filing a previous judgment prompts the federal court to collect, state law, particularly "the Illinois citation statute, 735 ILCS 5/2-1402, supplies the procedure for executing a federal-court judgment.").

Because the district court properly relied on Illinois law, we inquire whether Illinois law allows a court to enter judgment against a third party receiver of fraudulently transferred assets, when the third party failed to return the assets, when ordered, back to the judgment debtor to satisfy its debt to the judgment creditor.

The district court properly inquired as to whether third parties held assets of the defendants, the judgment debtors, in the supplementary proceeding. *See Pyshos*, 630 N.E.2d at 1057-58. The district court found that certain fraudulent transfers were made by the defendants to the transferees and ordered the property returned. 735 ILCS 5/2-1402; *see also Kennedy v. Four Boys Labor Services, Inc.*, 664 N.E.2d 1088, 1091 (Ill. App. Ct. 1996) (once the judgment creditor discovers assets in the hands of a third party, the judge may order a third party to deliver up those assets to satisfy the judgment).

The third party transferees failed to comply with the August 31, 2007 order. In Illinois, the procedure to be followed in supplemental proceedings appears to be left largely to the judge's discretion, and Illinois allows the underlying judgment to be imposed on the violator of the court order. *Ruggiero*, 994 F.2d at 1226. Illinois Supreme

Court Rule 277(h) provides that any person who fails to obey an order to deliver up or convey any personal property or its proceeds or value may be committed until the order is obeyed. 134 Ill. 2d R. 277(h); *Kennedy,* 664 N.E.2d at 1094.

The Illinois Code of Civil Procedure (735 ILCS 5/2-1402) also allows the holder of a judgment to command the debtor to turn over to the judgment creditor as many of the seizable assets as may be necessary to satisfy the judgment. *Ashenden*, 233 F.3d at 475-76. Its provisions "are to be liberally construed and the statute gives courts broad powers to compel the application of discovered assets or income to satisfy a judgment." *Kennedy*, 664 N.E.2d at 1091. Section 2-1402(a) provides that a "judgment creditor . . . is entitled to prosecute supplementary proceedings for the purpose of examining the judgment creditor or any other person to discover assets or income of the debtor . . . and of compelling the application of [such] assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2-1402(a). Section 2-1402(c) further provides that when assets of the judgment debtor are discovered, the court "may authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for recovery of the debt." 735 ILCS 5/2-1402(c)(6).

So, it was proper for the plaintiffs to seek enforcement of the underlying judgment against the transferees. The district court ordered the transferees to return the assets

within 21 days; more than three months after the expiration of that period, the fraudulent transfers had yet to be returned. Under Rule 227, the court had the discretion as to the nature of the sanction to impose for violating the order. *Kennedy*, 664 N.E.2d at 1094. Therefore, pursuant to Illinois law, the district court granted the plaintiffs' motion and entered judgment (for the underlying amount of $2,436,290) against the transferees.[2] In *Kennedy*, 664 N.E.2d at 1090, after a judgment against the defendant corporation, a supplementary proceeding was initiated to recover certain assets transferred by the corporation's sole director (after the state involuntarily dissolved the corporation) to third parties. The trial court held that the transfers were fraudulent and ordered the sole director to turn over the proceeds received from the fraudulent transfers. *Id*. When the director did not comply with this order, the trial court, pursuant to Rule 277, entered judgment against the director. *Id*. The Illinois Appellate Court held that the trial court did not abuse its discretion in entering a judgment for the entire amount of the underlying judgment against the director for non-compliance with the turn-over order. *Id*. at 1094.

Lastly, the defendants assert that the district court erred in failing to hold an evidentiary hearing prior to entering the full amount of the underlying judgment

---

[2] Although imposing the underlying judgment against the third party transferees was a sanction, there was no need for a contempt finding under Rule 277(h).

against Stevenson and Moore. Defendants argue that if these two transferees were liable, it should not have been for the full amount of the underlying judgment, but rather for $536,302.21, the amount received.

Defendants are correct that Plaintiffs only presented evidence that on October 11, 2004, the defendants converted a $536,302.21 loan receivable owed by their insiders, Stevenson and Moore, into compensation for work on which they had already received significant compensation. Although they argue that they can only be liable for failing to return what they received, this argument was never made before the district court and is not before us. *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 629 (7th Cir. 1998). After the plaintiffs moved to have the underlying judgment imposed on the transferees, the defendants argued only that the transfers were not actual transfers of tangible assets but rather non-cash accounting entries. The district court noted that it had heard this argument before and granted the plaintiffs' motion. Even in their motion to reconsider the January 23, 2008 order, Defendants never raised the argument that Stevenson and Moore could only be liable for $536,302.21; rather, they argued that the transferees did not receive actual money.

Contrary to the defendants' argument, the district court did not pierce any veil and therefore, did not need to hear evidence on compliance with corporate formalities; rather, the district court simply did not tolerate the failure to comply with its August 31, 2007 order and entered a sanction against the transferees in the amount

of the underlying judgment. Such an action was not an abuse of discretion.

## CONCLUSION

We conclude that the district court's decisions to deny consolidation and to impose the judgment on the transferees did not amount to an abuse of discretion. Accordingly, we AFFIRM the district court.