**Veronica R. MATOS, Plaintiff–Appellant,**

v.

**RICHARD A. NELLIS, INC.,
Defendant–Appellee.**

No. 96–1912.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 14, 1996.

Decided Dec. 3, 1996.

See also 1996 WL 252450.

Ernest T. Rossiello (argued), Elena M. Dimopoulos, Rossiello & Associates, Chicago, IL, for Plaintiff–Appellant.

Alan Levin (argued), Wayne & Levin, Chicago, IL, for Defendant–Appellee.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Veronica Matos holds a judgment for some $25,000 (including legal fees) in this Title VII action against Richard A. Nellis, Inc., her former employer. Collection has been difficult. The firm is defunct. Matos suspects that its treasury was drained by Richard Nellis, its manager and owner, and its business transferred to other firms that Nellis controls directly or through his daughters. Since 1994 Matos has been conducting supplemental collection proceedings under Fed. R.Civ.P. 69 and 735 ILCS 5/2–1402, but she has yet to receive a dime. Nellis Inc. ignored the proceedings, and Nellis himself was elusive. He attempted to evade service of process and refused to show up at a citation to discover assets until receiving two court orders directing him to do so. (He also skipped a command performance in the courtroom.) After the district court again ordered Nellis to cooperate, he appeared at a deposition without the corporate books and papers he had been directed to produce; after he produced some papers (which two experts have determined to be forgeries), he balked at questions. Matos again turned to the district court for aid, seeking a turnover order and sanctions under 28 U.S.C. § 1927. Judge Gadola, a visiting judge who tried the Title VII case, terminated the Rule 69 proceedings, ruling that a federal court lacks authority to require an investor to pay the corporation's debts, which Judge Gadola thought to be Matos's objective. Judge Alesia, to whom the case originally had been assigned, then resumed control and dismissed the § 1927 motion as moot.

We may assume that after *Peacock v. Thomas,* — U.S. ——, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), an effort to collect a judgment by "piercing the corporate veil" to reach the judgment debtor's shareholders requires an independent ground of jurisdiction, such as diversity of citizenship, which here is missing. See also *H.C. Cook Co. v. Beecher,* 217 U.S. 497, 30 S.Ct. 601, 54 L.Ed. 855 (1910); *Central States Pension Fund v. Art Pape Transfer, Inc.,* 79 F.3d 651 (7th Cir. 1996). Whether this assumption holds in all federal litigation is not altogether clear, for *Peacock* observed that a court's ancillary jurisdiction is greater in judgment-enforcement actions than in independent suits based on a judgment, and Matos is proceeding in the original action rather than in a second suit. See *Vukadinovich v. McCarthy,* 59 F.3d 58, 62 (7th Cir.1995). But Rule 69 conforms collection proceedings to state law, and Illinois likely would not permit veil-piercing in supplementary proceedings under § 5/2–1402. See *Pyshos v. Heart–Land Development Co.,* 258 Ill.App.3d 618, 196 Ill.Dec. 889, 630 N.E.2d 1054 (1st Dist.1994).

Nonetheless, we need not wrestle these issues to the ground, because whatever this collection proceeding may be, it is not a veil-piercing case. Matos's lawyer has confused matters by using the argot of investor responsibility, but this case simply can't be about veil piercing, because there is no extant corporation whose separate existence may be disregarded. Nellis Inc. is gone, dissolved under state law, and the investors who received its assets are liable for its debts, to the extent of the distributions they received. See 805 ILCS 5/12.80; *Kennedy v. Four Boys Labor Service, Inc.,* 279 Ill. App.3d 361, 216 Ill.Dec. 160, 664 N.E.2d 1088 (2d Dist.1996). For all practical purposes (including ascertaining federal jurisdiction) the distributees replace the defunct corporation as the real parties in interest. Distributee liability lasts for five years, and this action was commenced in time, see *Citizens Electric Corp. v. Bituminous Fire & Marine Insurance Co.,* 68 F.3d 1016 (7th Cir.1995), so Nellis and any other recipients of corporate assets are directly answerable. Our case is like *Citizens Electric,* which held that a post-dissolution collection proceeding may take place ancillary to federal litigation. Matos is entitled to use Rule 69 proceedings to find out how much Nellis received, and the district judge must direct Nellis to divulge that information and turn over the proceeds

(if there was a distribution) to satisfy the judgment.

■ Suppose there was no distribution in cash. A judgment creditor still is entitled to step into the judgment debtor's shoes and collect debts owed to it. This is the basis for garnishment, among the debt-collection proceedings that are within the district court's ancillary jurisdiction. See *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 834 n. 10, 108 S.Ct. 2182, 2188 n. 10, 100 L.Ed.2d 836 (1988); *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221 (7th Cir.1993). Matos believes that Nellis owed money to Nellis Inc. (which implies that Nellis received a liquidating distribution of the debt's forgiveness). To establish the debt's existence, Matos points to the firm's corporate income tax returns. The 1990 return shows loans exceeding $200,000 by Nellis Inc. to Richard Nellis's daughters and corporations controlled by the Nellis family. (At the time Nellis Inc. claimed to have assets exceeding $1.2 million.) The 1991 tax return and corporate balance sheet (oddly prepared in 1995, after the collection proceeding began, and after the firm supposedly was destitute) shows loans receivable from shareholders of $64,090—and Nellis is the only shareholder. The 1992 tax return and balance sheet, also prepared in 1995, show loans to stockholders of $64,090 at the year's beginning and $51,-213 at year's end. The 1993 tax return, prepared the day after Nellis appeared at a citation to discover assets, shows a loan to stockholders of $50,213. Here the paper trail ends.

Nothing in the record suggests that Nellis repaid the loan—or what became of the cash, if money was poured into a hollow shell. Between 1991 and 1993 Nellis, Inc. was in bankruptcy, a proceeding dismissed when the firm lacked even the cash necessary to pay the trustee's fee. It is hard to explain away these documents. In this court Nellis does not try to do so; his brief ignores this evidence. Nellis has not demonstrated that he repaid the loans recorded in the corporate books. It is far from clear that he would be allowed to deny their existence—for if Nellis was telling the executive branch of government that loans existed in order to save on taxes (and actually achieved a tax benefit), he is in no position to sing a different song to

the judicial branch. See *Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.,* 910 F.2d 1540, 1547–49 (7th Cir.1990). Whether a debt existed, and if so whether Nellis repaid, are in the end factual questions that the district court must resolve.

■ The motion under § 1927 also deserves serious attention. It certainly is (and was) not "moot"; misconduct in federal litigation may lead to sanctions even if the court lacked subject-matter jurisdiction. *Willy v. Coastal Corp.,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); cf. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393–98, 110 S.Ct. 2447, 2454–57, 110 L.Ed.2d 359 (1990). A party need not prevail on the merits to be entitled to compensation for excess expenses created by obfuscation and dissimulation. Evasion of service, failure to obey court orders, production of forged documents, and obstinate refusal to pay a debt created by a judicial order cannot be tolerated. See *Reich v. Sea Sprite Boat Co.,* 50 F.3d 413 (7th Cir.1995). Even in his appellate brief, Nellis insists that he need not participate in the collection proceedings, because his attempt to evade service was successful. The district court has resolved that argument adversely to him, and we will not dignify it with discussion.

Vacated And Remanded.