**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**JRG FOX VALLEY, INC., d/b/a "Maxwell 'n Millie," J. Richard Grassfield, and Joyce E. Grassfield, Defendants.**

No. 97 C 1404.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 23, 1997.

Jean Powers Kamp, John C. Hendrickson, Steven Justin Levine, U.S. E.E.O.C., Chicago, IL, Jeanne B. Szromba, E.E.O.C., Chicago, IL, for Plaintiff.

Janice A. Wegner, John P. Green, Lisa Kane & Associates, Chicago, IL, Lisa Kane, Chicago, IL, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

#### *INTRODUCTION*

Plaintiff Equal Employment Opportunity Commission has filed a complaint against JRG Fox Valley, Inc. d/b/a "Maxwell 'n Millie" ("JRG"), J. Richard Grassfield, and Joyce E. Grassfield (collectively "defendants") for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"). Plaintiff sues to obtain relief for Krisi L. Swafford ("Swafford"), the alleged victim of the discrimination. J. Richard Grassfield and Joyce E. Grassfield (collectively "the Grassfields") assert they are not proper defendants and move to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim against them.[1] For the following reasons, the Grassfields' motion to dismiss is denied.

#### *DISCUSSION*

Swafford was the assistant manager at a restaurant operated by JRG. Plaintiff claims JRG discriminated against Swafford by refusing to reinstate her to her former position after her maternity leave and by firing her because she was pursuing a charge

---

1. In its complaint, plaintiff invokes remedies available under 42 U.S.C. § 1981a. Defendants mistook this as a reference to 42 U.S.C. § 1981. In their motion to dismiss, the Grassfields argue that plaintiff fails to state a claim under § 1981. JRG filed its own motion to dismiss making the same argument. The parties have since realized their confusion and have stipulated that plaintiff does not assert a cause of action under 42 U.S.C. § 1981, "but rather seeks any and all relief available under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, including any and all relief authorized by 42 U.S.C. § 1981a and available under Title VII." Those portions of the Grassfields' motion to dismiss relating to § 1981 were withdrawn. JRG's motion to dismiss was withdrawn in its entirety.

of discrimination with the EEOC. JRG was involuntarily dissolved prior to the filing of plaintiff's complaint. The Grassfields were shareholders of JRG who received assets of JRG prior to or upon its dissolution.

 Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). An employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person...." 42 U.S.C. § 2000e(b). The parties agree that JRG was an "employer" within the meaning of Title VII. Illinois law states:

> The dissolution of a corporation ... shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

805 ILCS 5/12.80. Plaintiff sued defendants within five years of the dissolution of JRG. Thus, although JRG is now defunct, plaintiff properly states a Title VII discrimination claim against it, and jurisdiction exists pursuant to 28 U.S.C. § 1331.

 The propriety of the Grassfields' presence in this case is not as clear. The Grassfields may not be sued for discrimination under Title VII because Title VII does not impose individual liability on an employer's agents. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir.1995). Plaintiff acknowledges *Williams* and asserts it does not seek to recover from the Grassfields in their individual capacities or to hold the Grassfields personally liable for the actions of JRG. Rather, plaintiff asserts that it seeks to recover from the Grassfields—in the event of Title VII liability on JRG's part—only those JRG assets which were distributed to them upon JRG's dissolution. In other words, plaintiff wants to join the Grassfields merely as "relief defendants."

 In *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193 (7th Cir.1996), the court established that plaintiff need not sue the Grassfields at this time. The plaintiff in that case, Veronica Matos ("Matos"), obtained a judgment for approximately $25,000 (including attorneys' fees) in a Title VII action against her former employer, Richard A. Nellis, Inc., a corporation that had since become defunct. Matos had difficulty collecting. She suspected the corporation's treasury was drained by its manager and owner, Richard Nellis ("Nellis"). Under Illinois law, investors who receive the assets of a dissolved corporation are liable for its debts, to the extent of the distributions they receive. *Matos*, 101 F.3d at 1195 (citing 805 ILCS 5/12.80 and *Kennedy v. Four Boys Labor Service, Inc.*, 279 Ill.App.3d 361, 216 Ill.Dec. 160, 664 N.E.2d 1088 (1996)). Thus, the Seventh Circuit found that "[f]or all practical purposes (including ascertaining federal jurisdiction) the distributees replace the defunct corporation as the real parties in interest.... Nellis and any other recipients of corporate assets are directly answerable." *Matos*, 101 F.3d at 1195. Accordingly, the Seventh Circuit held that (1) Matos was entitled to use Rule 69 enforcement proceedings, which were within the ancillary jurisdiction of the district court, to discover how much money Nellis received from the corporation, and (2) the district judge must direct Nellis to divulge that information and—assuming there was a distribution—turn over the proceeds to satisfy Matos' judgment against the corporation. *Id.* at 1195–96. Therefore, under Matos, plaintiff may first sue JRG alone, obtain a judgment, and then enforce that judgment against the Grassfields in this court in a Rule 69 proceeding.

Whether a plaintiff *must* obtain a judgment against her defunct former employer before proceeding against the corporation's distributees, however, is a different question. That issue was not addressed in *Matos*, but a closely analogous issue was examined by the Seventh Circuit in *Wilson v. Chicago*, 120

F.3d 681, 1997 WL 406302 (7th Cir.1997). In *Wilson,* the plaintiff, Andrew Wilson ("Wilson"), brought suit under 42 U.S.C. § 1983 against a Chicago policeman, Jon Burge ("Burge"), and the City of Chicago (the "City") claiming violations of his constitutional rights—Burge had used torture to extract confessions from Wilson and other suspects. A jury exonerated both defendants. The Seventh Circuit affirmed as to the City, but reversed as to Burge. On remand, the district court allowed Wilson to amend his complaint to add a claim that the City was liable under 745 ILCS 10/9–102 for any judgment he obtained against Burge. Section 9–102 provides that a local Illinois government is "directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting in the scope of his employment is liable." 745 ILCS 10/9–102. This court eventually entered judgment against Burge for compensatory damages and attorneys' fees. Because the City made it clear it would not pay any judgment against Burge, who apparently had no assets, the court also simultaneously entered a judgment against the City. The City appealed claiming the district court had no jurisdiction over Wilson's claim against it.

On appeal, the Seventh Circuit found that, "[t]he joinder of an additional party against whom the plaintiff has a state claim closely related to the claim on which federal jurisdiction is based, [such as] a state claim advanced in order to enable the collection of a judgment against the original defendant, is expressly authorized by [28 U.S.C. § 1367(a),] the statute conferring supplemental jurisdiction on the federal district courts." *Wilson,* 120 F.3d at 683–84. In fact, the Seventh Circuit went a step further and found that even "the nonstatutory ancillary jurisdiction that survived *Finley* [*v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989),] embraces not only post-judgment collection proceedings but also what in this case amounts to a prejudgment collection proceeding, an effort to bring into the case a solvent party to pay the judgment against an insolvent one." *Wilson,* 120 F.3d at 683–84. Although the court recognized that "[i]t would still be possible for Wilson to seek to collect [a] judgment [against Burge] by ancillary proceedings against the City" under

Rule 69(a), it found that "[a]ll that would be involved would be delay and maybe a little more paperwork." *Id.* at 685. Accordingly, the Seventh Circuit affirmed this court's decision to allow Wilson to proceed against the City under § 9–102 before any judgment against Burge became final. *Id.* at 687–88.

Just as the City in *Wilson* became liable to the plaintiff Wilson under 745 ILCS 10/9–102 when Burge was found liable under § 1983, so the Grassfields will be liable to plaintiff under 805 ILCS 5/12.80 if JRG is found liable under Title VII. Based on the Seventh Circuit's reasoning in *Wilson,* this court finds plaintiff does not need to obtain a judgment against JRG before joining the Grassfields as defendants.

### CONCLUSION

The Grassfields' motion to dismiss plaintiff's complaint is denied.